UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN THE MATTER OF: ) Case No: B-0981701 C-13D
**JESSIE M. GREENE,** )
)
      Debtor(s) )
_____)

OBJECTION BY STANDING TRUSTEE TO CONFIRMATION OF PLAN

NOW COMES Richard M. Hutson, II, Standing Trustee ("Trustee") and respectfully objects to confirmation of the Debtor's plan pursuant to 11 U.S.C. §1325 and shows unto the Court the following:

1. The Debtor filed a petition under Title 11 of the United States Code, Chapter 13, on September 30, 2009, in the United States Bankruptcy Court for the Middle District of North Carolina.

2. On September 30, 2009, Richard M. Hutson, II, was appointed as Trustee.

3. This Court has proper and personal jurisdiction of the subject matter hereof and over the parties pursuant to 28 U.S.C. §§151, 157 and 1334, and the Standing Order entered by the United States District Court for the Middle District of North Carolina and this is a core proceeding within 28 U.S.C. §157(b).

4. The petition filed by the Debtor proposes a monthly plan payment of $99.00 for a period of at least 36 months. There is an estimated return to general unsecured creditors of approximately two percent (2%). The Debtor lists unsecured debt of approximately $34,728.31 in Schedule "F".

5. The Debtor's plan provides for the Debtor to make direct payments on the claims of Best Buy and Rooms to Go secured by consumer goods and the priority claim of North Carolina Department of Revenue ("NCDR").

6. The Trustee objects to confirmation of the Debtor's plan in that the plan was not proposed in good faith pursuant to 11 U.S.C. §1325(a)(3). The plan is chiefly a means of financing the Debtor's attorney fees. The plan imposes an administrative burden on the Trustee while paying a meager dividend to unsecured debts of approximately $34,728.31. Assuming the Debtor does not convert this case upon completion of disbursements to her counsel, and remain in the plan for 36 months, the Trustee will receive approximately $213.84 for administration of this case. Chapter 13 plans, such as this one, tend to shift a

1

greater portion of the administrative costs of the Trustee's Office to other cases with more substantial payments.

7. The Trustee objects to confirmation of the Debtor's plan in that the plan was not proposed in good faith pursuant to 11 U.S.C. §1325(a)(3). The Trustee objects to the direct payment of the secured claims of Best Buy and Rooms to Go. Section 1326(c) creates a presumption in favor of the Trustee making payments to creditors and the Debtor has not provided a sound reason to overturn that presumption. In this District, it is a well-established practice that claims secured by consumer goods are paid through the Trustee's office.

8. The Trustee objects to confirmation of the Debtor's plan as it violates 11 U.S.C. §1322(a)(2), incorporated into the requirements of confirmation by 11 U.S.C. §1325(a)(1), which provides that a "plan shall provide for the full payment, in deferred cash payments, of all claims entitled to priority under section 507 of this title, unless the holder of the claim agrees to a different treatment." 11 U.S.C. §1322(a)(2). Payment of priority tax claims, such as the claim of NCDR, are usually made through the Trustee's office in full, in deferred payments.

9. The Trustee objects to confirmation of the Debtors' plan in that the plan was not proposed in good faith pursuant to 11 U.S.C. §1325(a)(3). The Debtor's plan, with a payment of $99.00 per month, allows the Debtor to essentially pay her counsel, pay selected secured claims directly, unfairly discriminate against the unsecured class of creditors and pay a minimal amount to general unsecured claims, while enjoying the full benefit of Chapter 13 relief and protection of the Bankruptcy Court.

WHEREFORE, the Trustee prays the Court for an Order as follows:

1. That the Debtor's plan not be confirmed in that the plan does not comply with the provisions of the Bankruptcy Code, specifically 11 U.S.C. §1325(a)(3) and the case be dismissed for cause pursuant to 11 U.S.C. §1307;

2. That, in the alternative, the Debtor's plan be modified to provide for the payment of Best Buy, Rooms to Go and NCDR through the Trustee's office and the plan payment be increased to accommodate said claims; or

3. For such other and further relief as the Court may deem just or proper.

This the 4th day of December, 2009.

    s/Benjamin E. Lovell
    Benjamin E. Lovell
    Attorney for the Trustee
    State Bar No: 23266
    P.O. Box 3613
    Durham, N.C. 27702

CERTIFICATE OF SERVICE

       This is to certify that I have this day served a copy of the foregoing document upon John T. Orcutt, Esq., 6616-203 Six Forks Rd., Raleigh, NC 27615, Jessie M. Greene, 3207 Ivey Wood Ln., Durham, NC 27703, and Michael D. West, Esq., U.S. Bankruptcy Administrator, PO Box 1828, Greensboro, NC 27402 by depositing a copy of same in the United States Mail, postage prepaid, and in the manner prescribed by Rule 5 of the Federal Rules of Civil Procedure.

       This 4th day of December, 2009.

                                            s/Benjamin E. Lovell
                                            Benjamin E. Lovell, Esq.
                                            Attorney for the Standing Trustee